ELIZABETH LOWERY *v.* PETER PETREE AND WIFE.

1. PLEADINGS AND PRACTICE. *Action. Damages for a nuisance.* No person can maintain an action for damages for a common nuisance, where the injury and damages are common to all. Some special damages to the plaintiff must be averred, and proven, and for this alone he can sue and be compensated.

2. ESTOPPEL. *Vendor and vendee.* Representations or statements made by a vendor to a vendee, does not operate as an estoppel on another

vendee of same vendor, so as to make the second vendee liable in damages, to make good the representations of the vendor to his first vendee.

FROM DAVIDSON.

Appeal in error from the Circuit Court of Davidson County. N. BAXTER, J.

S. J. HENDERSON for Lowery.

M. PRIEST for Petree.

FREEMAN, J., delivered the opinion of the court.

This action was brought before a justice of the peace for Davidson county, to recover " damages for obstructing a certain street or public highway." This is the entire statement of the cause of action in the warrant.

The case, from the proof, turns largely on the question as to the existence in fact and · in law of a street known in the record as Florence street, and the liabilities arising out of this in connection with other facts in the case. It is for obstructing this street by enclosing what is said to be a part of it, the suit is brought. If the street did not exist as such, then there could be no recovery in any aspect for the alleged act of defendants.

On this question of fact the testimony is somewhat conflicting, the weight of it in favor of the contention of the plaintiff, that such a street did exist. It is clear that, as the jury have found in favor of plain-

tiff, that there is ample proof on which the verdict can rest, so far as this fact goes. No such verdict could have been found, except by finding the existence of this fact.

On this question as we have said, however, there was a conflict of testimony. The plaintiff testifying, together with other witnesses, to facts tending to show an acceptance and user by the public for a number of years of the ground in contest as a street. The defendant sought to show facts tending to an opposite conclusion. The defendant was tendered as a witness in her own behalf, which was objected to by the plaintiff, on the ground that she was incompetent to testify in a suit where her husband was a party. The court sustained the objection, and the witness was held incompetent. This was in accord with an opinion of this court at that time, but the rule has been held differently in several later cases, and the former holding overruled. There was error, therefore, in this action of the circuit judge, and inasmuch as we cannot see what would have been the effect of the testimony offered, if admitted to go to the jury, or that it would have failed to have influenced their verdict, the error is a fatal one.

Another error more material, however, is found in the theory of the law, as given to the jury by the circuit judge.

Both parties claim under Scott and wife, from whom they had purchased their respective lots, at different times. There was some contest as to which party, plaintiff or defendant, had the oldest title.

Lowery *v.* Petree.

His Honor charged the jury substantially that if "Scott, when he sold to plaintiff, represented to her, that the ground claimed by defendant was a street, and that representation constituted the inducement or part of the inducement for plaintiff's purchase of her lot, Scott and those claiming under or from him, would be forever estopped from denying that it was a street; whether the street was named in plaintiff's deed or not, if her lot abutted upon it."

This theory is evidently erroneous. Whether or not an estoppel by deed registered, and therefore notice to defendants, when they purchased, or even one by parol of which they had full notice, might or not be set up as against them, we need not now determine. His Honor goes on the idea, that a mere statement on which a vendee relies that a street exists, which might amount to a personal guaranty, or a deceit if the fact were not so, on which the vendor might himself be held liable, shall operate as an estoppel of another vendee from him, and bind the party to make good his representation—at any rate make such a party liable in damages for acting contrary to such statements. We know of no law, either common or statutory, that will justify this view. We need not go into authorities to sustain the proposition. An estoppel in a case like this must stand on the ground of fraud in fact or in law, or acts or representations made, upon which another has acted, inconsistent with the assertion of the contrary state of things subsequently sought to be maintained. No principle of law would justify the rule that another should be held to respond

Lowery *v.* Petree.

in damages for a breach of such representations, unless. participation in the representation was shown, or at least full knowledge that they had been made, with all the attendant circumstances. Whether simple knowledge would be sufficient, we need not determine, as his Honor made the estoppel operative independent of knowledge, and rested solely on the fact that it had been made by the common vendor of both parties.

It is proper to say, that the warrant on its face alleges no cause of action. No person can maintain an action for damages for a common nuisance, where the injury and damage are common to all. Some special damage to the plaintiff must be averred, and proven, and for this damage alone he can sue and be compensated: Wait's Act. and Def., vol. 4, p. 707.

Obstruction to a "street or highway" would be a public nuisance—subjecting the party to a criminal prosecution—but. a special and particular damage to a party alone is the subject of a private action in such cases. The defect in the warrant may be amended in the court below, however, before another trial.

For the reasons given, the judgment is reversed, and cause remanded for a new trial.